JOSEPH A. BEIKIRCH, Respondent, v. LOUIS SCHAEFFER and Another, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the same grounds as those stated in *Beikirch* v. *Loebs* (*ante*, p. 859), decided herewith. All concur. (The order granted an examination of defendants before trial to enable plaintiff to frame a complaint in an action for slander and possible wrongful discharge from employment.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THERESA KLAPP, Appellant, v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, Respondent.— Judgment and order affirmed, with costs. All concur. (The judgment is for defendant in an action to recover death benefit under an accident insurance policy. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

ONA U. HUGHES, Respondent, v. CHARLES JOYCE and Others, Appellants.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff as a judgment creditor setting aside assignments.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

ANNA E. GILLESPIE, Administratrix, etc., of JAMES M. GILLESPIE, Deceased, Respondent, v. BENJAMIN E. TILTON and Another, Receivers of the NEW YORK STATE RAILWAYS, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Per Curiam: The finding that the germs which caused decedent's death, entered through the laceration caused by the burn is again.t the weight of the evidence. Defendant was not responsible for the falling of the tree, nor for the fact that decedent, who had climbed the tree, fell upon defendant's feed wire. At the most, defendant was only responsible for a burn caused by defective insulation of its feed wire. From the record, the extent and character of decedent's lacerations, as distinguished from the burn, is by no means clear and the possibility of germs having entered by such other lacerations is not satisfactorily negatived. Further, the necessity for the jury's determining whether the germs entered decedent's body through the laceration caused by the burn, or through some other wound, was not clearly presented to the jury. All concur; Taylor and Edgcomb, JJ., also vote for reversal on the law, and a dismissal of the complaint, on the ground that the accident happened in a manner so unusual that the defendant, in the exercise of reasonable care, was not bound to foresee it and guard against it. (The judgment was for damages for death caused by defective insulation of feed wires. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

MARTIN MURPHY, Appellant, v. CITY OF SYRACUSE, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant in a negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

ANNA MURPHY, Appellant, v. CITY OF SYRACUSE, Respondent.— Judgment affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

ANNA ROBERTS, an Infant, etc., by EMILY VAN DEUSEN, Her Guardian ad Litem, Respondent, v. ARTHUR C. MOORE and Another, Appellants, and WORDEN MOTT, Defendant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.